Filed 9/22/14  P. v. Bowers CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C075744 |
| v. | (Super. Ct. No. 13F4846) |
| HAROLD LYNN BOWERS, | |
| Defendant and Appellant. | |

Defendant Harold Lynn Bowers pleaded no contest to inflicting corporal injury on a spouse and admitted a prior strike conviction allegation.  The trial court denied his request to dismiss the prior strike allegation (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 504 (*Romero*)) and sentenced him to four years in prison.

Defendant now contends (1) the trial court abused its discretion in denying his *Romero* request to dismiss the prior strike allegation, and (2) the minute order and abstract of judgment must be corrected to reflect the oral pronouncement of judgment.

1

The trial court did not abuse its discretion, but we will order correction of the minute order and abstract of judgment. We will affirm the judgment.

BACKGROUND

Defendant and his spouse attended a barbecue on July 27, 2013. They both consumed alcohol but left the gathering when defendant became upset that his spouse was not paying attention to him. At home, defendant punched his spouse six times, then grabbed a large knife and told her he would "cut" her if she fell asleep. He also held the tip of the knife against her knee.

When defendant passed out, his spouse fled their home and went to a relative's home where she called the police. An officer arrived and observed a lump on the spouse's forehead and redness on her face. Defendant was arrested at their home. The spouse requested and obtained an emergency protective order.

Defendant pleaded no contest to inflicting corporal injury on a spouse (Pen. Code, § 273.5, subd. (a))[1] and admitted a prior strike conviction allegation (§ 1170.12): a 1996 conviction for assault with a deadly weapon. In exchange, the remaining counts and allegations were dismissed with a *Harvey* waiver (*People v. Harvey* (1979) 25 Cal.3d 754), and another case (case No. 12F5462) was also dismissed. The plea agreement included a sentencing lid of four years in prison.

The trial court denied defendant's *Romero* request to dismiss the prior strike allegation and sentenced him to state prison for the low term of two years, doubled to four years for the prior strike.

Additional facts are included in the discussion as relevant to the contentions on appeal.

---

[1] Undesignated statutory references are to the Penal Code.

## DISCUSSION

### I

Defendant contends the trial court abused its discretion in denying his *Romero* request to dismiss the prior strike allegation. He claims his strike conviction was remote and that he falls outside the spirit of the three strikes law.

In making his *Romero* request, defendant noted that his prior strike conviction was in 1996 and that he was now 61 years old and had changed since then. He argued the 1996 offense was an isolated incident and since that time he had not been convicted of an offense of such gravity. He said his two felony convictions since 1996 were nonviolent drug offenses from the same case, and his felony conviction prior to 1996 was a petty theft with a prior. He claimed the nature of his convictions since 1996 have been decreasing in severity. He also claimed his background (married for 22 years) supported dismissing the prior strike allegation.

The People opposed the *Romero* request, arguing that defendant was a habitual criminal who had difficulty living a sober, nonviolent, law-abiding life. The People noted that defendant's criminal history began in 1983 and included violent and serious offenses.

At the hearing on the motion, defense counsel pointed out several errors in the probation report and noted that defendant had no violations since 2008 when he was released from prison and that he had done good work in the community.

The trial court concluded that defendant did not fall outside the spirit of the three strikes law and denied the *Romero* request. The trial court explained: "Well, I do believe in *Romero* motions. I've granted *Romero* motions. However, never on these circumstances. So I would have to conclude that there is a factual basis to find that [defendant] has changed from his ways in the past and has led a law-abiding and moral life under the laws of the State of California. And I'll take moral out of that. That's a little vague. [¶] We do have this record. It goes back quite a while, as [defendant] is 61,

3

I believe. So we have a record of violence, the [section] 273.5 as pointed out by the People and the [19]87, the battery in [19]89, the 1990 misdemeanor [assault with a deadly weapon] and brandishing, and then the [19]96 felony, assault with a deadly weapon, with no crimes of violence until 2013. But we also have a record of substance abuse. The [driving under the influence] in [19]90, the 2004 possession of cocaine base, maintaining a place for the use of a controlled substance, a misdemeanor. [¶] We have the 2002 [driving under the influence], and the probation report on line 3, just under the lines 1 to 5 about the knife, possessing it, the statements to his wife and pressing the knife to her knee on lines 5 to 7. It says he was passed out due to his level of intoxication in the present offense and circumstances. [¶] So I have a pattern of substance abuse and violence, and so I can't conclude this is not within the spirit of the three strikes to have this limited, brief, most recent approximate three-year period of law-abiding citizenship, and therefore this does definitely fall within the three strikes based on his record, and that *Romero* motion is denied."

Section 1385, subdivision (a) authorizes a trial court to dismiss an action "in furtherance of justice." (*Romero, supra*, 13 Cal.4th at pp. 504, 529-530.) A trial court's ruling denying a request to dismiss a prior strike allegation "is subject to review under the deferential abuse of discretion standard." (*People v. Carmony* (2004) 33 Cal.4th 367, 374 (*Carmony*).)

In deciding whether to dismiss a prior strike allegation, a trial court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

*Carmony, supra*, 33 Cal.4th at page 377, explained: " '[T]he Three Strikes law does not offer a discretionary sentencing choice, as do other sentencing laws, but

4

establishes a sentencing requirement to be applied in every case where the defendant has at least one qualifying strike, unless the sentencing court "conclud[es] that an exception to the scheme should be made because, for articulable reasons which can withstand scrutiny for abuse, this defendant should be treated as though he actually fell outside the Three Strikes scheme." ' [Citation.]"

"In reviewing for abuse of discretion, we are guided by two fundamental precepts. First, ' "[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' [Citations.] Second, a ' "decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " ' [Citations.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Carmony, supra*, 33 Cal.4th at pp. 376-377.)

Defendant claims his history of violence ended in 1996, but his current felony was violent. He also claims he is not a " 'revolving door' " career criminal, but he has a history of violence and substance abuse.

The trial court considered and balanced the relevant factors and reached its decision in conformity with the law. It did not abuse its discretion in denying defendant's *Romero* request.

II

Defendant also claims the minute order and abstract of judgment must be corrected to reflect the oral pronouncement of judgment. The Attorney General agrees, and so do we.

5

In its oral pronouncement of sentence, the trial court sentenced defendant to state prison for the low term of two years, doubled to four years for the prior strike. However, the clerk's minute order and the abstract of judgment incorrectly indicate that the trial court sentenced defendant to the midterm of four years. And the abstract of judgment does not indicate that defendant was sentenced pursuant to a prior strike conviction.

Section 273.5, subdivision (a), provides a sentencing triad of two, three or four years. The trial court orally imposed the low term of two years, then doubled the two-year term to four years for the prior strike. We will direct the trial court to correct the minute order and abstract of judgment to reflect the trial court's oral pronouncement of sentence. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185; *People v. Zackery* (2007) 147 Cal.App.4th 380, 385-386.)

## DISPOSITION

The judgment is affirmed. The trial court shall prepare a corrected minute order and abstract of judgment reflecting that it orally imposed the low term of two years, doubled to four years pursuant to a prior strike conviction. The trial court shall forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.

                                                     MAURO        , J.

We concur:

           RAYE        , P. J.

           BLEASE      , J.

6